Elham Azimy, Esq.   SBN: 207274
Azimy Law, APC
4521 Campus Dr. #413
Irvine, California 92612
Telephone: (949) 572-8197
Fax: (949) 334-6474
eazimy@a-lawfirm.com

Attorney for Applicants, Dr. Yuichiro Yasuda and Yu Mental Clinic

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 19 80127 MISC

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF DR. YUICHIRO YASUDA AND YU MENTAL CLINIC AND<br><br>Applicants, | Case No.:<br><br>**EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C §1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING AND MEMORANDUM AND DECLARATION IN SUPPORT THEREOF** |

TO THE HONORABLE COURT, TO DEFENDANTS AND TO ALL PARTIES WITH AN INTEREST HEREIN:

1

Applicants, Dr. YUCHIRO YASUDA and YU MENTAL CLINIC (hereinafter referred to as "Dr. Yasuda" and "Yu Mental Clinic" and collectively as "Applicants), a professional corporation, organized and existing under the laws of Japan, hereby applies to this Court ex parte for an order permitting discovery from Twitter ("Twitter") for use in a court proceeding in Japan pursuant to 28 U.S.C. § 1782.

The proposed subpoena attached to this application seeks from Twitter documents and information relating to a certain Twitter account which certain anonymous statements, which under Japanese law, constitute defamation against Dr Yasuda and Yu Mental Clinic and unlawful interference with its business and reputation.

The application is supported by the accompanying declaration of Tomohiro Kanda, an attorney in Japan who represents Dr. Yasuda and Yu Mental Clinic, its owner and primary psychiatrist; in connection with an anticipated lawsuit in Japan for the anonymous person(s) who made the unlawful statements about Dr. Yasuda and Yu Mental Clinic; on the Twitterpage of a very famous Radio DJ Personality known as Muneyuki Imon, who hosts "Oh! Happy Morning"; with a fan base following of over 10,000 followers.

2

## I.     **BACKGROUND**

Dr. Yasuda is a psychiatrist and owner of Yu Mental Clinic in Maebaru Chuo, Itoshima-Shi, Japan since 2008.  Dr. Yasuda graduated from University of Tokyo, school of medicine in 2000 and is a well-respected and well known psychiatrist in Japan. (Decl. Kanda ¶ 4).  Dr. Yasuda graduated from the School of Medicine, the University of Tokyo in 2000.  Dr. Yasuda completed his residency at the following hospitals prior to opening Yu Mental Clinic:  1)  2001: HATSUISHI Hospital, Department of Psychiatry; 2) 2002-2006: Department of Psychiatry, SHOUNAN Rehabilitation Hospital 2006-2008: Chiba, Kashiwa Rehabilitation Hospital, Department of Psychiatry; 2008: Opening of Yu Mental Clinic with 55 doctors, 70 psychologists and 88 staff members, a total of 213 employees in total. (Decl. Kanda ¶ 4).  On April 21, 2019, an unknown individual and/or business, operating under the Twitter name of @ZZu9r0 (hereinafter referred to as "Anonymous Defendant"), posted derogatory statements about Yu Mental Clinic and Dr. Yasuda.  (See attached as Exhibit A the statements described in the (Decl. Kanda ¶ 5, ¶6).

The Anonymous Defendant posted the derogatory comments on to a page of a well known Radio DJ and Travel Program producer, known as Muneyuki Imon (hereinafter referred to as "Imon").  Imon has a Twitter following of over 10,000

3

followers. (See attached as Exhibit B to Decl. Kanda ¶ 8). The Anonymous Defendant posted false statements about Yu Mental Clinic and Dr. Yasuda. The Anonymous Defendant posted that Dr. Yasuda, a psychiatrist from the Tokyo Medical School had an unprofessional psychical relationship with a female patient at Yu Mental Clinic, that led to her attempted suicide. (Decl. Kanda ¶ 6).

According to Mr. Kanda, Dr. Yasuda and Yu Mental Clinic's attorney, the Twitter post is false and was posted for harassment of Dr. Yasuda and Yu Mental Clinic. (Decl. Kanda ¶ 9). Additionally, according to Mr. Kanda, the Twitter post constitutes defamation and unlawful business interference under Japanese law. (Decl. Kanda ¶ 9).

Therefore, Dr. Yasuda and Yu Mental Clinic intend to bring a lawsuit in Japan against the person(s) associated with the twitter account of the Anonymous Defendant as soon as the person(s) identity have been ascertained through the discovery specifically sought in this application. (Decl. Kanda ¶ 10). In order to identify the person(s) who committed the unlawful acts against Dr. Yasuda and Yu Mental Clinic through the Anonymous Defendant's Twitter Account, it is crucial for Dr. Yasuda and Yu Mental Clinic to obtain information relating to the Anonymous Defendant's Twitter account. (Decl. Kanda ¶ 11).

4

## II. ARGUMENT

### A. Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from who the discovery is sought or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010)* at *1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: " (1) whether the "person whom the discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is am "attempt to circumvent proof gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc., 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May

2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

### B. Dr. Yasuda and Yu Mental Clinic's Application Meets All of the Statutory Requirements under 28 U.S.C. § 1782

#### 1. Twitter, Inc. Whom Discovery Sought is located in this District

Twitter, Inc., from whom the discovery requested in this application is sought, is located in San Francisco, California. Therefore, Twitter, Inc. is within this Court's district.

#### 2. The Requested Discovery is for Use in a Proceeding in Japan

The discovery requested in this application must be utilized for a proceeding before a foreign tribunal. The foreign proceedings need not be commenced before 28 U.S.C. § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp v. Advanced Micro Devices, Inc.*, supra at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Dr. Yasuda and Yu Mental Clinic intend to bring a lawsuit in Japan against the person(s) associated with the Twitter account in question as soon as the person's identity has been ascertained through the discovery sought by this

application. (Decl. Kanda ¶ 10). Thus, the requirement that the discovery be for use in a foreign proceeding is met.

### 3. Dr. Yasuda and Yu Mental Clinic is the Interested Party under 28 U.S.C § 1782, Whom May Make this Application.

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by any "interested person". As Plaintiffs on the anticipated litigation in Japan, Dr. Yasuda and Yu Mental Clinic are clearly an interested person under 28 U.S.C. § 1782.

## C. Dr. Yasuda and Yu Mental Clinic's Application Further Meets All of the Discretionary Factors under Intel.

### 1. Twitter, Inc. is Not a Participant in the Foreign Proceeding

The first Intel. factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach;

hence, their evidence, available in the United States, may be obtainable absent §1782 (a) aid." *Id.*

Twitter, Inc. is not a participant in the anticipated Japanese lawsuit. (Decl. Kanda ¶ 16 ). Additionally, the documents that Dr. Yasuda and Yu Mental Clinic seek are in the United States and not in Japan. Thus, the information sought is out of Japan's tribunal reach.

### 2. The Requested Information is Crucial to Dr. Yasuda and Yu Mental Clinic's Impending Lawsuit in Japan and the Japanese Court's Would be Receptive to this Court's Assistance

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court agency abroad to U.S. federal-court judicial assistance." *Intel* at 264.

In order to identify the person(s) who committed the unlawful acts against Dr. Yasuda and Yu Mental Clinic through the Twitter account in question for purposes of bringing a lawsuit against said person(s) in Japan, it is crucial for Dr. Yasuda and Yu Mental Clinic to obtain the information relevant to the Twitter account of the Anonymous Defendant. (Decl. Kanda ¶ 11).

In addition, the Japanese courts would be receptive to this Court's assistance. In fact, Japanese courts have been receptive to the discovery assistance made by U.S. Courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, *5, 2012 WL 1836283 (S.D. Cal. May 21, 2012).

### 3. Dr. Yasuda and Yu Mental Clinic's Discovery Request is Not and Attempt to Circumvent Foreign Proof Restrictions or Policies

"A district court could consider whether §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or policies of a foreign country or the United States." *Intel.* at 265.

Dr. Yasuda and Yu Mental Clinic are not aware of any restrictions imposed by or any policies under Japanese law limiting proof-gathering proceeding in the manner proposed or for the purposes stated herein. (Decl. Kanda ¶13). In the past, Courts have granted 28 U.S.C. § 1782 applications for use in the proceedings in Japan, both criminal and civil cases. *Marbueni Am. Corp.* at 98; *LG Elecs Deutschland GMBH*, *5; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutors Office)*, 16 F.3d 1016, 1018-1019, 1994 U.S. App. LEXIS

9

2440, *3-6, 94 Cal. Daily Op. Service 1108, 94 Daily Journal DAR 1918, 28 Fed. R. Serv. 3d (Callaghan) 200 (9th Cir. Cal. 1994).

### 4. Dr. Yasuda and Yu Mental Clinic's Request is narrowly tailored to Highly Relevant Information for the Japanese Civil Case and Not Unduly Intrusive or Burdensome

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel at 265.* AS shown in the proposed subpoena to Twitter, Inc. attached to the proposed Order submitted with this Application, the discovery requests by Applicants is narrowly tailored and limited to the discovery materials related to the subject Twitter account of the Anonymous Defendant through which the identity of the defendant to the impending Japanese lawsuit can be ascertained, and no further information is required.

Access logs of the Twitter account is highly relevant. Since the offending comments posted on Twitter by the Anonymous Defendant were done recently, on April 21, 2019; this information is highly relevant and necessary for Applicants to file the impending lawsuit in Japan against the Anonymous Defendant. It is not burdensome for Twitter, Inc. to provide the access logs of the Anonymous Defendant, since the offending comments were posted to Twitter on April 21, 2019.

## III. CONCLUSION

For the reasons stated above, Dr. Yasuda and Yu Mental Clinic respectfully requests that this Court grant this application and permit that it issue the subpoena to Twitter, Inc. attached to the proposed order submitted within this application.

Respectfully Submitted,

DATED: May 7, 2019

AZIMY LAW, APC

/s/ Elham Azimy, Esq.
Elham Azimy, Esq.
Attorney for Applicants, Dr Yasuda and Yu Mental Clinic

11