UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF DR. YUICHIRO YASUDA AND YU MENTAL CLINIC,<br><br>Applicant. | Case No. 19-mc-80127-TSH<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 9 |

## I. INTRODUCTION

Applicant Dr. Yuichiro Yasuda and Yu Mental Clinic's (collectively, "Applicant") filed an ex parte application to take discovery pursuant to 28 U.S.C. § 1782, which allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. ECF No. 1. Twitter, Inc. now moves to quash or modify the subpoena. ECF No. 9. Applicant filed an Opposition (ECF No. 10) and Twitter filed a Reply (ECF No. 13). The Court finds this matter suitable for disposition without oral argument and **VACATES** the October 17, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Twitter's motion for the following reasons.

## II. BACKGROUND

Dr. Yasuda is a psychologist and owner of Yu Mental Clinic in Maebaru Chuo, Itoshima-Shi, Japan since 2008. Kanda Decl. ¶ 4, ECF No. 2. He is "a well-respected and well-known" psychologist in Japan. *Id.* Yu Mental Clinic operates with 55 doctors, 70 psychologists, and 88 staff members. *Id.*

On April 21, 2019, an unknown individual or business operating under the Twitter name of

@ZZu9r0 posted derogatory statements about Applicant, in Japanese, alleging he had sexual relations with a female patient who was in high school, which led to her attempted suicide. *Id.* ¶ 6. The @ZZu9r0 account posted the derogatory comments on a page of a well-known radio DJ known as Muneyuki Imon, who has a Twitter following of over 10,000 followers. *Id.* ¶ 8. Applicant retained Ogasawara, Konno & Rokugawa Law Firm to initiate a civil lawsuit in Japan against the anonymous defendant for defamation and unlawful business interference. *Id.* ¶¶ 1, 9.

On May 13, 2019, Applicant applied to this Court ex parte for an order permitting discovery from Twitter into the identity of the @ZZu9r0 account user pursuant to 28 U.S.C. § 1782. ECF No. 1. Applicant also submitted supplemental declarations from its Japanese counsel and translator. ECF Nos. 2-3. In his declaration, Japanese counsel states that he believes the post defamed Applicant and unlawfully interfered with Applicant's business under Japanese law. Kanda Decl. ¶ 9. The Court granted Applicant's request on May 15, 2019. ECF No. 5.

Applicant issued the subpoena, dated May 15, 2019, to Twitter. Schwartz Decl., ¶ 2, Ex. 1, ECF No. 9-1. The subpoena requests the following categories of information associated with the @ZZu9r0 account:

> 1. All Documents showing the ZZu9r0 Account's login histories, including dates, times, IP addresses, and access type, for each login from June 1, 2019 to present;
>
> 2. All Documents showing the ZZu9r0 Account's latest access log, including dates, times, IP addresses, and access type;
>
> 3. All Documents showing the ZZu9r0 Account's access log when that account posted each review, comment, photograph, video, and/or rating on the Muneyok Imon Twitter page, including dates, times, IP addresses, and access type; and
>
> 4. All Documents identifying the ZZu9r0 Account's users from the date that the account was created to present, including all names, addresses, email addresses (including email addresses corresponding with a Twitter account), telephone numbers, names of the computers used by ZZu9r0 Account's user(s), and information regarding any credit cards registered to the ZZu9r0 Account (except for the number of the credit card).

*Id.*

After receiving the subpoena, Twitter's in-house counsel served written objections. *Id.* ¶ 3, Ex. 2. Subsequently, Twitter's in-house and outside counsel met and conferred with Applicant's

counsel regarding the First Amendment implications of its request. *Id.* ¶¶ 4-5. The parties discussed different mechanisms for addressing the subpoena's First Amendment implications but ultimately were unable to agree on how best to resolve Twitter's concerns regarding the subpoena's potential chilling effects on protected speech. *Id.* ¶ 5.

Twitter now brings this motion to quash or modify the subpoena to require production only if Applicant has satisfied the First Amendment's requirements for unmasking the identity of an anonymous speaker.

### III. LEGAL STANDARD

Section 1782 provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person[.]

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). Section 1782 permits district courts to authorize discovery where three general requirements are satisfied: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citations omitted).

A district court has wide discretion to grant discovery under Section 1782. *Intel*, 542 U.S. at 260-61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.

A district court's discretion is to be exercised in view of the twin aims of Section 1782: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252. There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id.* at 247, 261-63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist here." *Id.* at 263.

## IV. DISCUSSION

### A. Statutory Requirements

Applicant's request satisfied the minimum requirements of Section 1782. First, Twitter's principal place of business is in San Francisco, California, within this District. Second, to apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Intel*, 542 U.S. at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). Applicant has shown a "reasonable contemplation" of litigation. Third, Section 1782 plainly states that discovery orders may issue upon the request of either a foreign tribunal or an interested party. 28 U.S.C. § 1782(a). Applicant—as the prospective litigant—has a "reasonable interest" in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to Section 1782. *See Akebia Therapeutics, Inc. v. Fibrogren, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Lastly, Applicant's request is an acceptable method of discovery under Section 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976).

### B. Discretionary *Intel* Factors

The first three discretionary *Intel* factors also support granting the application. As to the first factor, Twitter is not a participant in Applicant's contemplated Japan proceeding. *Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's

4

jurisdictional reach; hence, their evidence, unavailable in the United States, may be unobtainable absent § 1782(a) aid."). Second, there is no indication that a Japanese court would reject information obtained through Section 1782 discovery. In this situation, courts "err on the side of permitting discovery." *See In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (collecting cases). Third, there is no evidence that the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of Japan.

Twitter's motion addresses the fourth *Intel* factor, whether the request is unduly intrusive or burdensome. As the Ninth Circuit has recognized, "the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism.'" *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341-42 (1995)). This protection applies in the context of Section 1782 applications when a foreign civil litigant such as Applicant seeks discovery in the United States with the assistance of the U.S. judicial system. If the foreign litigant asserts that an anonymous speaker's speech is actionable, the First Amendment protects the speaker from being unmasked unless the applicant:

> (1) identifies the party with sufficient specificity that the court can determine that the party is a real person subject to suit; (2) identifies all previous steps taken to locate and identify the party; (3) demonstrates that the action can withstand a motion to dismiss; and (4) proves that the discovery is likely to lead to identifying information.

*In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *4 (N.D. Cal. Nov. 15, 2013) (citing *Columbia Ins. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)).

Here, Applicant has satisfied the *Jommi* requirements for good cause to allow early discovery to determine the identity of an unknown defendant. First, it has demonstrated that the party is a real party subject to suit in Japan as it identified the URL address of the anonymous defendant's Twitter account, the IP address and specific dates of the tweets. *See id.* (petitioner's knowledge of the author's "specific post on a specific blog" and the URL of the post was sufficiently specific to identify the defendant as a real party); *In re Frontier Co., Ltd.*, 2019 WL

3345348, at *3 (N.D. Cal. July 25, 2019) (Frontier "demonstrated that the party is a real party subject to suit" because it "identified the unknown defendant through the URL of their Cloudflare account, their IP address, and the specific date of the post.").

Second, Applicant took steps to identify the author and his search revealed the server of the anonymous defendant is with Twitter. Kanda ¶ 12.

Third, Applicant has demonstrated that the anonymous defendant has committed an act that can withstand a motion to dismiss. The posts in question allege Dr. Yasuda had sexual relations with a female patient who was in high school, which led to her attempted suicide. Falsely charging a person with a crime or violation of the "confidence reposed in him" is per se defamatory. *Wilens v. Doe Defendant No. 1*, 2015 WL 4606238, at *15 (N.D. Cal. July 31, 2015), *report and recommendation adopted*, 2015 WL 5542529 (N.D. Cal. Sept. 18, 2015).

Finally, discovery is likely to lead to identifying information. According to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery that is relevant to any parties claim or defense." The subpoena issued to Twitter seeks IP addresses, account information and identifying information of the anonymous defendant's Twitter account to unmask their identity, which is relevant to Applicant's anticipated defamation claim. *Jommi*, 2013 WL 6058201, at *4; *Frontier*, 2019 WL 3345348, at *5; *In re Letter Rogatory-Request for Int'l Judicial Assistance From the Harju Country Court in Estonia Petition of Lyoness Eesi OÜ*, 2017 WL 1436096, at *4 (N.D. Cal. Apr. 24, 2017) (holding petitioner's § 1782 request for specific user information to name defendants is necessary for resolving defamation claim in foreign court). Moreover, Applicant's request is narrowly tailored and is not overly intrusive. Applicant seeks identifying information and not the content of any communication. *See Frontier*, 2019 WL 3345348, at *5 (granting a § 1782 request to issue a subpoena for the name, address, email address, telephone number and account holder settlement information, including credit card payments and credit card company). Internet service providers and operators of communication systems are "generally familiar with this type of discovery request." *In re Roebers*, 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) (finding § 1782 application to subpoena Apple, Inc. and Yahoo! Inc. for identifying documents was not overly burdensome). Accordingly, the Court finds the subpoena satisfies First

Amendment safeguards.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Twitter's motion to quash.

**IT IS SO ORDERED.**

Dated: October 7, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge